UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4884

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DERMOT D. SPENCE,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:08-cr-00068-F-5)

Submitted:  May 27, 2011          Decided:  June 10, 2011

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Kousouros, LAW OFFICES OF JAMES KOUSOUROS, New York, New York, for Appellant.  George E.B. Holding, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dermot D. Spence was convicted by a jury of conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a), 846 (2006), and distribution and possession with intent to distribute of 100 kilograms or more of marijuana and aiding and abetting, in violation of 18 U.S.C. § 2 (2006) and 21 U.S.C. § 841(a). Spence appeals his conviction, arguing that the district court abused its discretion by admitting under Fed. R. Evid. 404(b) the specific facts underlying Spence's 2004 arrest in Pennsylvania for possession of marijuana. We affirm.

We review a district court's evidentiary rulings for abuse of discretion. United States v. Basham, 561 F.3d 302, 325 (4th Cir.), cert denied, 130 S. Ct. 3353 (2010). A district court abuses its discretion when its decision to admit evidence was arbitrary and irrational. United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002). A district court's evidentiary rulings are subject to review for harmless error under Fed. R. Crim. P. 52. United States v. Abu Ali, 528 F.3d 210, 231 (4th Cir. 2008).

Federal Rule of Evidence 404(b) provides that "[e]vidence of other crimes . . . is not admissible to prove the character of a person in order to show action in conformity therewith." The evidence may, however, be admissible for other

2

purposes, such as proof of motive, intent, preparation, plan, or knowledge, if it is (1) relevant to an issue other than character, (2) necessary, and (3) reliable. Basham, 561 F.3d at 326. "Rule 404(b) is an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." Id. (internal quotation marks omitted).

Federal Rule of Evidence 403 provides that "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." The damage that probative evidence can inflict on a defendant's case is no basis for excluding the evidence, however; only when that evidence results in unfair prejudice, such as an appeal to the jury's emotion, and that prejudice "substantially outweighs the probative value of the evidence," must it be excluded. Basham, 561 F.3d at 327. Where the jury is given a limiting instruction, any fear that the jury will improperly use the evidence subsides. United States v. Branch, 537 F.3d 328, 342 (4th Cir. 2009). Moreover, the introduction of inadmissible Fed. R. Evid. 404(b) evidence may be found harmless when it is clear beyond a reasonable doubt that a guilty verdict would have been returned notwithstanding the evidence's admission. United States v. McMillon, 14 F.3d 948, 955 (4th Cir. 1994). After thoroughly reviewing the record, we conclude that the district court did not abuse its discretion in admitting the challenged

3

evidence. Moreover, even were we to conclude that the district court erred, its limiting instruction, coupled with the persuasive evidence against Spence, rendered any error harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED